IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **JOHN GRIM**<br><br>*Plaintiff*<br><br>V.<br><br>**FEDEX GROUND PACKAGE SYSTEM, INC.;<br>BOBBY RAMON; RAFTER J BAR ENTERPRISE INC.;<br>CURRY ENTERPRISE, LLC; and<br>BUDGET TRUCK RENTAL, LLC**<br><br>*Defendants* | § § § § § § § § § § § § § § §   CIVIL ACTION NO. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE JUDGE OF THIS HONORABLE COURT:

Plaintiff **JOHN GRIM** files this original petition against Defendants, **FEDEX GROUND PACKAGE SYSTEM, INC.**, **BOBBY RAMON**, **RAFTER J BAR ENTERPRISE INC.**, **CURRY ENTERPRISE, LLC**, and **BUDGET TRUCK RENTAL, LLC,** and alleges as follows:

### A.   PARTIES

1. Plaintiff **JOHN GRIM** is an individual and a citizen of the State of New Mexico.

2. Defendant **FEDEX GROUND PACKAGE SYSTEM, INC.** ("**FEDEX**") is a for-profit corporation that is incorporated under the laws of the State of Delaware, with its principal office at 1000 Fed Ex Drive, Moon Township, Pennsylvania 15108. All of **FEDEX**'s acts and omissions as described herein were performed or neglected by its agents, ostensible agents, servants, employees, and/or owners, acting in the course and scope of their respective agencies,

ostensible agencies, services, employments and/or ownerships. **FEDEX** is authorized to do business in the State of New Mexico, and may be served with process in Lea County through its registered agent, Corporation Process Company, at 726 East Michigan, Suite 330, Hobbs, New Mexico 88240.

3. Defendant **BOBBY RAMON** is an individual. Upon information and belief, **BOBBY RAMON** is a citizen of the State of Texas, and may be served with process at 1912 52nd Street, Lubbock, Texas 79412, or wherever he may be found.

4. Defendant **RAFTER J BAR ENTERPRISE, INC.** ("**RAFTER J BAR**") is a domestic corporation with its principal office at 4301 Davis Road, Granbury, TX 76049-6250. All of **RAFTER J BAR**'s acts and omissions as described herein were performed or neglected by its agents, ostensible agents, servants, employees, and/or owners, acting in the course and scope of their respective agencies, ostensible agencies, services, employments and/or ownerships. Records on file with the Texas Secretary of State indicate that **RAFTER J BAR**'s status as a corporation has been terminated, and that Wesley W. James was **RAFTER J BAR**'s registered agent at the time of termination. Upon information and belief, Wesley W. James was also the president, director, general manager, or was otherwise the person in charge of **RAFTER J BAR**'s affairs at the time of its termination. Accordingly, **RAFTER J BAR** may be served with process by serving Wesley W. James, at 1121 Palisades Drive NW, Albuquerque, New Mexico 87105-1229, or wherever he may be found.

5. Defendant **CURRY ENTERPRISE, LLC** ("**CURRY**") is a domestic limited liability company that does not have a principal place of business on file with the New Mexico Secretary of State. **CURRY** engages in business as Budget Truck Rental at 1606 East Regis Street, Lubbock, Texas 79403, but is not registered with the Texas Secretary of State. **CURRY** may be

served with process through its registered agent on file with the New Mexico Secretary of State, John D. Curry, at 18 CR 6401 Kirtland, New Mexico, 87417, or through the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701 as its agent for service because **CURRY** engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas. Tex. Civ. Prac. & Rem. Code §17.044; Tex. Bus. Org. Code §§5.251-5.252. All of **CURRY**'s acts and omissions as described herein were performed or neglected by its agents, ostensible agents, servants, employees, and/or owners, acting in the course and scope of their respective agencies, ostensible agencies, services, employments and/or ownerships.

6.   Defendant **BUDGET TRUCK RENTAL, LLC** ("**BUDGET**") is a foreign limited liability company that is incorporated under the laws of the State of Delaware, with its principal office at 6 Sylvan Way, Parsippany, New Jersey 07054. All of **BUDGET**'s acts and omissions as described herein were performed or neglected by its agents, ostensible agents, servants, employees, and/or owners, acting in the course and scope of their respective agencies, ostensible agencies, services, employments and/or ownerships. **BUDGET** is authorized to do business in the State of New Mexico, and may be served with process in Santa Fe County through its registered agent, Corporation Service Company, at 123 East Marcy Street, Suite 1201, Santa Fe, New Mexico 87501.

### B. MISNOMER DOCTRINE

7.   It is Plaintiff's intention to sue the entity or entities that (1) employed Defendant **BOBBY RAMON** at the time of the collision; and (2) owned, rented, controlled and/or were otherwise responsible for the vehicle driven by **BOBBY RAMON** at the time of the collision. Plaintiff seeks to sue the entity or entities that own and/or operate the Federal Express facility and/or route for which **BOBBY RAMON** was employed as a driver, and the entity or entities that

own and/or operate the Budget Truck Rental facility located at 1606 East Regis Street, Lubbock, Texas 79403.

8. After diligent research and investigation, Plaintiff believes that the entities named as defendants herein have been correctly named in these capacities, and brings this action against Defendants in their assumed and/or common name(s). In the event that any proper party is misnamed in or omitted from this petition, Plaintiff requests that the true name of such party be substituted pursuant to New Mexico Rule of Civil Procedure 1-015(C) and the misnomer doctrine. NMRA Rule 1-015(C); *see Romero v. Bachicha*, 2001-NMCA-048, 130 N.M. 610, 28 P.3d 1151.

### C. JURISDICTION

9. This Court has jurisdiction over this matter under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs. Plaintiff is a citizen of the State of New Mexico, Defendant **BOBBY RAMON** is a citizen of the State of Texas, and Defendant **FEDEX** is a citizen of the State of Delaware.

### D. VENUE

10. Venue is proper in the District of New Mexico under 28 U.S.C. §1391(b)(2) because all or a substantial part of the events and omissions giving rise to Plaintiff's claim occurred in this district. The incident in question occurred in Curry County, New Mexico.

### E. FACTS

11. Plaintiff brings this suit to recover damages for personal injuries he sustained as a result of an incident that occurred on or about January 22, 2016.

12. On the date in question, Plaintiff **JOHN GRIM** was traveling northbound on Norris in the right lane. Defendant **BOBBY RAMON** was traveling southbound on Norris in the left lane

when he failed to yield the right of way, making an improper left turn and striking the front driver's side of Plaintiff **JOHN GRIM**'s vehicle and causing him to suffer severe personal injuries and damages.

13. At the time of the incident in question, **BOBBY RAMON** was in the course and scope of his employment with Defendant **RAFTER J BAR**, a subcontractor and agent for **FEDEX**. The vehicle that **RAMON** was driving at the time of the incident in question was rented from a **BUDGET** truck rental location operated by **CURRY**, located at 1606 East Regis Street, Lubbock, Texas 79403. Upon information and belief, the vehicle was owned by **BUDGET/CURRY** and rented from **BUDGET/CURRY** by **RAFTER J BAR**, with the rental paid for by **FEDEX**.

### F.  NEGLIGENCE

14. At all times relevant hereto, Defendant **BOBBY RAMON** had a duty to exercise ordinary care and to operate **BUDGET/CURRY**'s vehicle reasonably and prudently. **BOBBY RAMON** had a duty to exercise the degree of care that a reasonable commercial driver would use to avoid harm to others under circumstances similar to those described herein.

15. On the occasion in question, **BOBBY RAMON**, while acting in the course and scope of his employment with **RAFTER J BAR/FEDEX**, failed to use ordinary care. **BOBBY RAMON**'s negligent, careless, and/or reckless disregard of duty included, but is not limited to, the following acts and omissions:

    a. Failing to yield the right of way;

    b. Failing to maintain a proper lookout;

    c. Failing to pay adequate attention;

    d. Failing to take evasive action;

    e. Failing to use due caution;

    f.   Driving while distracted;

    g.   Driving the vehicle without regard for the safety and welfare of other persons or property; and

    h.   Operating the vehicle in a manner inconsistent with what a reasonably prudent person would have done under the same or similar circumstances.

16.    Each and all of the above-stated acts and/or omissions constitute negligence or, alternatively, conscious indifference to the rights of Plaintiff, who reserves the right to plead additional and/or more specific acts and omissions in the future as additional facts become known.

17.    **BOBBY RAMON**'s negligent, careless, and/or reckless disregard of his duty proximately caused injury to Plaintiff, for which Plaintiff seeks damages within the jurisdictional limits of this Court.

## G. <u>VICARIOUS LIABILITY</u>

18.    At all times relevant hereto, **BOBBY RAMON** was **RAFTER J BAR/FEDEX**'s employee, representative, agent, and/or apparent/ostensible agent; was acting within the course and scope of his employment, agency, apparent/ostensible agency, and/or authority; and was acting in furtherance of the official duties of his employment, agency, and/or apparent/ostensible agency with **RAFTER J BAR/FEDEX**.

19.    At the time of the incident in question, and immediately prior thereto, **BOBBY RAMON** was engaged in the furtherance of **RAFTER J BAR/FEDEX**'s business, and was engaged in accomplishing a task for which he was employed.

20.    **RAFTER J BAR** and **FEDEX** are therefore vicariously liable for Plaintiff's injuries and damages resulting from the negligent acts and/or omissions of **BOBBY RAMON**, pursuant to the doctrine(s) of *respondeat superior*, agency, and/or apparent or ostensible agency.

### H. JURY DEMAND

21.     Plaintiff demands a trial by jury.

### I. JOINT AND SEVERAL LIABILITY

22.     Plaintiff affirmatively pleads that all Defendants are jointly and severally liable for the damages sustained by Plaintiff in this case.

### J. DAMAGES

23.     Plaintiff requests that the jury consider what sum of money, if paid now in cash, would fairly and reasonably compensate him for the injuries and damages he sustained in this case as a result of Defendants' wrongful conduct.

24.     As a direct and proximate result of Defendants' negligent conduct, Plaintiff **JOHN GRIM** sustained severe bodily injuries and suffered damages which will, in all reasonable probability, continue into the foreseeable future. **JOHN GRIM**'s damages include, but are not limited to, the following:

   a. Physical pain and suffering in the past;

   b. Physical pain and suffering in the future;

   c. Medical expenses in the past;

   d. Medical expenses in the future;

   e. Lost wages in the past;

   f. Loss of earning capacity in the future;

   g. Mental anguish and emotional distress in the past;

   h. Mental anguish and emotional distress in the future;

   i. Physical impairment in the past;

   j. Physical impairment in the future;

    k.  Loss of enjoyment of life in the past; and

    l.  Loss of enjoyment of life in the future.

Plaintiff **JOHN GRIM** reserves the right to plead additional and/or more specific damages in the future as additional facts become known.

### K. PRAYER

25. For these reasons, Plaintiff asks for judgment against Defendants for the following:

    a.  Actual damages as alleged herein and/or proven at trial;

    b.  Prejudgment interest from the date of injury through the date of judgment, at the maximum rate allowed by law;

    c.  Post judgment interest at the maximum rate allowed by law;

    d.  Costs of court; and

    e.  Any and all such other and further relief, whether in law or in equity, to which Plaintiff may be justly entitled.

        Respectfully submitted,

        */s/ John D. Sloan, Jr.*

        **John D. Sloan, Jr.**
        jsloan@sloanfirm.com
        **Rachael K. Jones**
        rjones@sloanfirm.com

        **SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH**
        101 East Whaley Street
        P.O. Drawer 2909
        Longview, Texas 75606-2909
        Telephone: (903) 757-7000
        Facsimile: (903) 757-7574

        ***ATTORNEYS FOR PLAINTIFF***