IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN GRIM,

       Plaintiff,

v.                                                                           CV 19-10 MV/GBW

FEDEX GROUND
PACKAGE SYSTEM, INC.,
BOBBY RAMON, RAFTER J BAR
ENTERPRISE, INC.,
CURRY ENTERPRISE, LLC, and
BUDGET TRUCK RENTAL, LLC,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Budget Truck Rental, LLC's Rule 12B6 Motion to Dismiss Plaintiff's Original Complaint [11]. The Court, having considered the motions, briefs, and relevant law, and being otherwise fully informed, finds that the Motion is well-taken and will be granted.

## BACKGROUND

Plaintiff John Grim commenced the instant action on January 8, 2019, to recover damages for personal injuries he sustained as a result of an incident that occurred on or about January 22, 2016, during which a vehicle driven by Defendant Bobby Ramon struck a vehicle driven by Plaintiff. Doc. 1 ¶¶ 11-12. At the time of the incident, Ramon was in the course and scope of his employment with Defendant Rafter J Bar, a subcontractor and agent for Defendant FEDEX Ground Package System, Inc. ("FEDEX"). *Id.* ¶ 13. The vehicle that

Ramon was driving had been rented from Defendant Budget Truck Rental, LLC ("Budget"), at a location operated by Defendant Curry Enterprise, LLC ("Curry"). *Id.* ¶ 13.

Plaintiff's Original Complaint ("Complaint") contains two causes of action, one for negligence and one for vicarious liability. The negligence cause of action alleges that Ramon breached his duty of care. *Id.* ¶¶ 14-17. The vicarious liability cause of action alleges that Rafter J Bar and FEDEX are vicariously liable for the negligence of Ramon. *Id.* ¶¶ 18-22.

Elsewhere, the Complaint indicates that it is Plaintiff's "intention to sue the entity or entities" that "owned, rented, controlled and/or were otherwise responsible for the vehicle driven by" Ramon, and "the entity or entities" that "own and/or operate the Budget Truck Rental facility" from which that vehicle was rented. *Id.* ¶ 7. The Complaint also states that "Plaintiff affirmatively pleads that all Defendants are jointly and severally liable for the damages sustained by Plaintiff in this case."

On February 18, 2019, Budget filed the instant motion to dismiss Plaintiff's claims against it for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 11. Plaintiff did not file a response.

## LEGAL STANDARD

Under Rule 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir.

2009), *cert. denied*, 130 S. Ct. 1142 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

The Court in *Iqbal* identified "two working principles" in the context of a motion to dismiss. *Id.* First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *see Twombly*, 550 U.S. at 570 (holding that a plaintiff must "nudge" her claims "across the line from conceivable to plausible"). Accordingly, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (citation omitted).

> In keeping with these two principles, the Court explained,
>
> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise

3

to an entitlement to relief."

*Id.* at 679.

## DISCUSSION

Budget moves to dismiss Plaintiff's Complaint, arguing that "Plaintiff wholly fails to make **any** claim against Defendant Budget." Doc. 11 at 2 (emphasis in original). As noted above, Plaintiff failed to file any response to Budget's motion. Local Rule 7.1(b) states, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). However, although lack of response may signify consent, "the court cannot […] grant a motion to dismiss […] based solely on the plaintiff's failure to respond and must consider the merits of the motion." *Tapia v. City of Albuquerque*, No. 13cv206, 2014 WL 1285647, at *18 (D.N.M. Mar. 31, 2014). As set forth herein, having considered the merits of Budget's motion, the Court agrees that Plaintiff has failed to state a cognizable claim against Budget.

First, as Budget argues, neither of Plaintiff's two causes of action alleges any facts that, if proven, would establish liability on the part of Budget. Indeed, there is no mention at all of Budget in either the negligence or the vicarious liability causes of action asserted by Plaintiff. While elsewhere the Complaint indicates that Plaintiff intends to "sue" the owner of the truck driven by Ramon and the owner/operator of the Budget Truck Rental facility from which that vehicle was rented, announcing such an intention falls short of alleging factual content from which the Court could draw the reasonable inference that Budget is liable for the misconduct alleged, namely, Ramon's negligence and his employers' vicarious liability for that negligence. Similarly, stating the legal conclusion that all Defendants are "jointly and severally liable" for Plaintiff's damages is not the equivalent of alleging factual content from which the Court could

4

draw the reasonable inference that Budget is in any way responsible for whatever damages Plaintiff allegedly suffered. Accordingly, as Budget argues, the Complaint neither provides fair notice of any claim against Budget nor contains factual allegations that, if proven, would establish a right to relief from Budget.

Further, as Budget argues, the Complaint fails to allege any basis to hold Budget jointly and severally liable. Under New Mexico law, joint and several liability applies only (1) when the alleged tortfeasors act with intention of injuring another, (2) to vicarious liability, (3) to strict liability, and (4) when there is a sound basis in public policy. N.M. Stat. Ann. § 43-3A-1. Here, Plaintiff does not allege that Budget intentionally acted to injury Plaintiff, that there is a sound basis in public policy for holding Budget jointly and severally liable with the other Defendants, or that vehicle rental is a strict liability activity. And as discussed above, in his vicarious liability cause of action, Plaintiff does not allege any facts regarding Budget.

Indeed, if Plaintiff did attempt to allege vicarious liability against Budget, that claim would fail, as 49 U.S.C. § 30106, know as the "Graves Amendment," "expressly preempts vicarious liability claims against commercial vehicle lessors." *Guinn v. Great West Cas. Co.*, No. CIV-09-1198, 2010 WL 4811042, at * 6 (W.D. Okla. Nov. 19, 2010). Specifically, § 30106(a) provides:

> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a). Budget argues, and Plaintiff does not dispute, that it is engaged in the

5

business of renting motor vehicles, and that Plaintiff makes no allegations of "negligence or criminal wrongdoing" on the part of Budget. It follows that Budget cannot be held vicariously liable based on the facts alleged in the Complaint, and that there thus is no basis for Budget to be held jointly and severally liable for any damages suffered by Plaintiff.

## CONCLUSION

Plaintiff has failed to state a cognizable claim against Budget. Accordingly, dismissal of Plaintiff's claims against Budget is proper under Rule 12(b)(6).

**IT IS THEREFORE ORDERED** that Defendant Budget Truck Rental, LLC's Rule 12B6 Motion to Dismiss Plaintiff's Original Complaint [Doc. 11] is **GRANTED**, as follows: Plaintiff's claims against Defendant Budget are dismissed in their entirety.

DATED this 30th day of May, 2019.

_____
MARTHA VÁZQUEZ
United States District Judge