# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOHN GRIM,

        Plaintiff,

v.                                            CV 19-10 MV/GBW

FEDEX GROUND
PACKAGE SYSTEM, INC.,
BOBBY RAMON, RAFTER J BAR
ENTERPRISE, INC.,
CURRY ENTERPRISE, LLC, and
BUDGET TRUCK RENTAL, LLC,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on Defendant Fedex Ground Package System, Inc.'s Motion to Dismiss for Failure to Prosecute ("Fedex's Motion to Dismiss") [Doc. 16], Defendant Bobby Ramon's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Insufficient Service of Process ("Ramon's Motion to Dismiss") [Doc. 19], and Defendant Fedex Ground's Motion to Strike Plaintiff's Amended Complaint ("Fedex's Motion to Strike") [Doc. 25]. The Court, having considered the motions, briefs, and relevant law, and being otherwise fully informed, finds that Fedex's Motion to Dismiss and Ramon's Motion to Dismiss are not well-taken and will be denied, and that Fedex's Motion to Strike is well-taken and will be granted.

## BACKGROUND

Plaintiff John Grim commenced the instant action by filing his Original Complaint in this Court on January 8, 2019, to recover damages for personal injuries he sustained as a result of an

incident that occurred on or about January 22, 2016, during which a vehicle driven by Defendant

Bobby Ramon struck a vehicle driven by Plaintiff.    Doc. 1 ¶¶ 11-12.    At the time of the

incident, Ramon was in the course and scope of his employment with Defendant Rafter J Bar, a

subcontractor and agent for Defendant Fedex Ground Package System, Inc. ("Fedex").    *Id.* ¶ 13.

The vehicle that Ramon was driving had been rented from Defendant Budget Truck Rental, LLC

("Budget"), at a location operated by Defendant Curry Enterprise, LLC ("Curry").    *Id.* ¶ 13.

Plaintiff effected service of process of the Complaint on Fedex and Budget on January

14, 2019, on Curry on March 21, 2019, on Rafter J Bar on April 20, 2019, and on Ramon on

May 6, 2019.    Doc. 18 ¶¶ 3, 5, 6, 7.

On February 18, 2019, Fedex filed an Answer to Plaintiff's Original Complaint. Doc. 10.

Also on February 18, 2019, Budget filed a motion to dismiss Plaintiff's claims against it for

failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules

of Civil Procedure.    Doc. 11.    Plaintiff did not file a response to Budget's motion.    On May

30, 2019, the Court entered a Memorandum Opinion and Order granting Budget's motion.

Doc. 17.

On May 7, 2019, counsel for Plaintiff sent a letter to counsel for Fedex providing a

"status report on service upon the remaining defendants in this matter," advising that he

"look[ed] forward to beginning the discovery process as soon as these defendants make an

appearance."    Doc. 18-4.

On May 23, 2019, Fedex filed its Motion to Dismiss, seeking dismissal under Rule 41(b)

of the Federal Rules of Civil Procedure on the basis that "Plaintiff has failed to take any action in

this case since January 28, 2019, a period that now exceeds 90 days."    Doc. 16 ¶ 7.    Plaintiff

opposes Fedex's Motion to Dismiss.

On May 31, 2019, Ramon filed his Motion to Dismiss, seeking dismissal on two bases. First, Ramon argues that, because both Plaintiff and Defendant Curry are citizens of New Mexico, there is no diversity and thus the Court lacks subject matter jurisdiction over this case. Second, Ramon argues that Plaintiff failed to serve him within 90 days after filing the Complaint, and thus has violated Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff opposes Ramon's Motion to Dismiss.

On June 10, 2019, Plaintiff filed Plaintiff's Notice of Voluntary Dismissal of Defendant Curry Enterprise, LLC ("Notice of Dismissal"). Doc. 20. The Notice of Dismissal indicates that Currry "has not filed an answer or otherwise made an appearance in this case." *Id.* ¶ 2. Also on June 10, 2019, Plaintiff filed Plaintiff's First Amended Complaint ("FAC"). Doc. 21. In the FAC, Plaintiff asserts new allegations against Fedex, including allegations that Fedex acted with "conscious indifference to the rights, safety, or welfare of others." *Id.* ¶ 26.

On June 24, 2019, Fedex filed its Motion to Strike, arguing that the FAC should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure because it fails to comply with Rule 15(a)(2) of the Federal Rules of Civil Procedure. Doc. 25. Plaintiff has not responded to Fedex's Motion to Strike.

## DISCUSSION

I.    <u>Fedex's Motion to Dismiss</u>

Fedex argues that because "Plaintiff has failed to take any action in this case since January 28, 2019," the Court should dismiss this case pursuant to Rule 41(b). Doc. 16 at 3. Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41. Further, Local Rule 41.1 provides that "[a] civil action may be dismissed if, for a period

of 90 days, no steps are taken to move the case forward. The Clerk will give written notice that the action may be dismissed thirty (30) days after the date of the notice, unless good cause is shown." D.N.M.LR-Civ. 41.1.

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). "Dismissals pursuant to Rule 41(b) may be made with or without prejudice." *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center*, 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy – the death penalty of pleading punishments – [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." *Id.* Those criteria include: the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions." *Id.*

According to Fedex, since serving the Complaint, Plaintiff has taken no substantive actions to advance his case, including failing to respond or even acknowledge Budget's motion to dismiss, failing to confer with the parties as required under Rule 26(f) of the Federal Rules of Civil Procedure, and failing to return telephone calls and voicemails from Fedex. Doc. 16 at 4. Plaintiff disagrees, stating that he faced difficulties with service of process on various defendants and that, once he was able to effect process, he provided a status report to Fedex in which he noted that he looked forward to beginning the discovery process as soon as all defendants

appeared in the case.   Doc. ¶¶ 2-8.   Since the briefing of Fedex's Motion to Dismiss, on August 2, 2019, the parties filed a Joint Status Report and Provisional Discovery Plan [Doc. 29], noting that a Rule 26(f) meeting was held on July 19, 2019, and setting forth a discovery plan. Since then, it appears that the parties have engaged in discovery.

Under the circumstances, the Court does not find that it would be an appropriate exercise of its discretion to sanction Plaintiff by entering a Rule 41(b) dismissal of this case, either with or without prejudice.   It appears undisputed that Plaintiff did not ignore this matter between the filing of the Complaint and the filing of Fedex's Motion to Dismiss, and that since the filing of Fedex's Motion to Dismiss, Plaintiff has been in compliance with his obligations to move this case forward and with the applicable rules.   Plaintiff, however, is admonished to continue to comply with his obligations to move this case forward and with all applicable rules.   Further, if Plaintiff consents to a motion filed by any defendant, rather than simply failing to respond, Plaintiff should notify the Court of such consent so as not to waste judicial resources.

II.   <u>Ramon's Motion to Dismiss</u>

Ramon first argues that dismissal of this action is proper because the Court lacks subject matter jurisdiction.   In support of his argument, Ramon notes that Defendant Curry and Plaintiff both are residents of New Mexico, and that as a result complete diversity does not exist between the parties.   In response, Plaintiff asserts that, by filing his Notice of Dismissal, he has voluntarily dismissed Curry from this action, and that without Curry as a defendant, complete diversity does exist.   In reply, Ramon insists that because Fedex answered the Complaint on February 18, 2019, "Plaintiff was no longer entitled to unilaterally file a notice of voluntary dismissal" when he did so on June 10, 2019, and thus his Notice of Dismissal violates Rule 41(a).   Doc. 24 at 3-4.

Rule 41(a) provides that a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a). Here, Plaintiff filed a notice of dismissal only as to Curry. Curry has filed neither an answer nor a motion for summary judgment. The weight of authority holds that, where, as here, there are multiple defendants, "Rule 41(a)(1) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or a motion for summary judgment." *Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 693 (D. Utah 2015) (citing *Pedrina v. Chun*, 987 F.2d 608, 609 & n.1 (9th Cir. 1993) (collecting cases)). Because Plaintiff voluntarily dismissed only Curry – a defendant who has not yet served an answer or a motion for summary judgment – Plaintiff's Notice of Dismissal did not violate Rule 41(a). Plaintiff's Notice of Dismissal thus effectively dismissed Curry from this case. *Van Leeuwen*, 304 F.R.D. at 696. It follows that, as Curry is no longer a defendant in this case, complete diversity exists between the parties and subject matter jurisdiction is not lacking.

Next, Ramon argues that this action should be dismissed as to him because Plaintiff served him more than 90 days after filing the Complaint, and thus violated Rule 4(m). Rule Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(m), does, however, provide an exception where the plaintiff shows good cause for the failure to serve the defendant within the 90-day period, providing that, where such good cause is shown, "the court must extend the time for service for an appropriate period." *Id.*

Under Rule 4(m), the Court thus must inquire as to "whether Plaintiffs have shown good cause for the failure to timely effect service." *Espinoza v. United States*, 52 F.3d 838, 841 (10th

Cir. 1995).   If Plaintiff shows good cause, he is "entitled to a mandatory extension of time."   *Id.*
If, however, Plaintiff fails to show good cause, this Court "must still consider whether a
permissive extension of time may be warranted."   *Id.*   In so considering, this Court has
discretion to "either dismiss the case without prejudice or extend the time for service."   *Id.*

Here, Plaintiff served Ramon on May 6, 2019, 118 days after the Complaint was filed, or
28 days after expiration of the 90-day period set forth in Rule 4(m).   As a result, Ramon argues
that the case should be dismissed as against him.   Plaintiff disagrees, arguing that dismissal
would be improper given his diligent efforts to serve Ramon, which ultimately resulted in proper
service on him.

Specifically, Plaintiff states that he first attempted service of process on Ramon by
certified mail, return receipt requested, on January 14, 2019.   Doc. 22 ¶ 2.   The envelope sent to
Ramon was returned unclaimed on March 18, 2019.   *Id.* ¶ 3.   Thereafter, Plaintiff states, he
undertook "diligent and continuous efforts to obtain service" on Ramon, including conducting
"extensive research, work[ing] with multiple process servers, and engag[ing] a private
investigator to locate" Ramon.   *Id.* ¶ 4.   According to Plaintiff, "[a]fter several unsuccessful
service attempts, he learned on April 10, 2019 that Ramon's last-known address was no longer
current, but was unable to obtain a more recent address."   *Id.* ¶ 6.   After "[a]dditional
investigative efforts," Ramon was located and served on May 6, 2019.   *Id.*

Ramon argues that Plaintiff's efforts are insufficient to establish good cause for his
failure to timely effect service.   Ramon does not, however, explain why the consequence for
Plaintiff's failure should be dismissal.   Rule 4(m) clearly states that the Court has two options
when service has not been properly effected:   entry of an order of dismissal without prejudice to
refiling, or entry of an order that service be made within a specified time.   There is no dispute

that Plaintiff has, in fact, effected proper service upon Ramon, without any order of this Court and, indeed, before Ramon filed his motion to dismiss. Under these circumstances, the Court finds that dismissal of this action is not warranted. Rather, the Court hereby orders that Plaintiff effect service on Ramon within thirty (30) days of entry of this Memorandum Opinion and Order.[1] As noted above, Plaintiff has already met this deadline.

III. Fedex's Motion to Strike

Fedex argues that the FAC should be stricken because Plaintiff filed it in violation of Rule 15(a). Under Rule 15(a), a party may, with certain restrictions, amend its pleading once as a matter of course (1) within 21 days after serving it, or (2) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12, whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with the opposing party's written consent or leave of the court. Fed. R. Civ. P. 15(a)(2).

Here, Fedex filed its Answer to the Original Complaint on February 18, 2019. Because Fedex thus filed a responsive pleading, Plaintiff had 21 days, or until March 11, 2019, to amend the Original Complaint as a matter of course as to Fedex. Plaintiff, however, did not file the FAC until June 10, 2019. The FAC includes new allegations against Fedex. Accordingly, under Rule 15(a)(2), Plaintiff was required to seek Fedex's consent or leave of this Court before filing an amended complaint. He did neither.

As a result of Plaintiff's failure to comply with Rule 15(a)(2), Fedex asks the Court to strike the FAC pursuant to Rule 12(f), which allows the Court, on motion or on its own, to strike

---

[1] The Court notes that if it did not reach this conclusion, it would nonetheless find that Plaintiff's efforts established good cause for his failure to serve Ramon within the required 90-day period, which would have entitled him to a mandatory extension of time to effect service.

"any redundant, immaterial, impertinent, or scandalous matter" from the record. Fed. R. Civ. P. 12(f). As noted above, Plaintiff failed to file a response to Fedex's Motion to Strike. Local Rule 7.1(b) states, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Considering the merits of Fedex's Motion to Strike, in addition to Plaintiff's failure to respond in opposition to that motion, the Court finds that Plaintiff filed the FAC in violation of Rule 15(a)(2) and that, as a result, the FAC should be stricken. Accordingly, the Original Complaint will remain the operative complaint in this case.

## CONCLUSION

First, the Court does not find that it would be an appropriate exercise of its discretion to dismiss this action pursuant to Rule 41(b). Second, the Court finds no basis to dismiss this action for lack of subject matter jurisdiction. Third, the Court finds that the appropriate remedy for Plaintiff's failure to timely serve Ramon is an order that service be made within a specified time. Fourth, because Plaintiff filed the FAC in violation of Rule 15(a)(2), it will be stricken.

**IT IS THEREFORE ORDERED** that Defendant Fedex Ground Package System, Inc.'s Motion to Dismiss for Failure to Prosecute [Doc. 16] is **DENIED**, Defendant Bobby Ramon's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Insufficient Service of Process [Doc. 19] is **DENIED**, and Defendant Fedex Ground's Motion to Strike Plaintiff's Amended Complaint [Doc. 25] is **GRANTED**.

**IT IS FURTHER ORDERED** that the First Amended Complaint [Doc. 21], filed on June 10, 2019, is **STRICKEN**.

**IT IS FURTHER ORDERED** that Plaintiff must serve Defendant Bobby Ramon within thirty (30) days of entry of this Memorandum Opinion and Order.

DATED this 6th day of February, 2020.

_____
MARTHA VAZQUEZ
United States District Judge