IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN GRIM,

    Plaintiff,

v.                                                           Civ. No. 19-10 MV/GBW

FEDEX GROUND PACKAGE
SYSTEM, INC., *et al.*,

    Defendants.

## ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO COMPEL

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Deposition of Corporate Representative of Defendant FedEx Ground Package System, Inc. and Supplemental Discovery Responses. *Doc. 72*. Having reviewed the Motion and Defendants' Response (*doc. 81*), the Court will DENY the Motion as MOOT.

### I.    LEGAL STANDARDS

Federal Rule of Civil Procedure 30(b)(6) authorizes a party to depose a corporation by its representatives. Upon receipt of a notice of deposition, the corporation "must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6). Federal Rule of Civil Procedure 34 governs requests for production of documents.

Where one party improperly fails to respond to a request for production pursuant to Rule 34 or to designate a corporate representative pursuant to Rule 30(b)(6),

the requesting party may move to compel a response and for appropriate sanctions. Fed. R. Civ. P. 37(a)(3)(B). An evasive or incomplete response is treated as a failure to respond. Fed. R. Civ. P. 37(a)(4).

> If [a motion to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including the attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). However, the Court must not award expenses if (1) the motion was filed before attempting in good faith to resolve the matter without court action, (2) the nonmovant's position was substantially justified, or (3) "other circumstances make an award of expenses unjust." *Id*. If a motion to compel is denied, the Court must award expenses to the nonmovant, but the Court must not award expenses "if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). "Substantially justified" means "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). An award of expenses may be unjust where there is no evidence of bad faith or prejudice. *See Isom v. Midwest Div.-OPRMC, LLC*, 2014 WL 3541842, at *4 (D. Kan. July 17, 2014) (unpublished).

    II.    SUPPLEMENTAL DISCOVERY RESPONSES

On November 5, 2019, Plaintiff served Defendant FedEx Ground Package System, Inc. ("FedEx") with requests for production, to which FedEx responded on

December 16, 2019.  *Doc. 72* at 1–2.  FedEx responded to several of Plaintiff's requests with the statement that responsive documents would be produced "upon entry of a mutually agreed upon stipulation of confidentiality and protective order."  *See, e.g., doc. 72-1* at 2.  The parties were unable to agree on the form of a protective order and sought informal resolution by the Court.  *See doc. 61*

In a telephonic status conference held June 1, 2020, the Court provided informal guidance on the form of the protective order and instructed Defendants that if the parties still could not come to an agreement, they should file a contested motion for protective order within fourteen days.  *Id.* at 3–4.  On June 9, 2020, Plaintiff signed off on Defendants' proposed protective order.  *Doc. 72-4.*

By July 7, 2020, the proposed protective order had not been filed with the Court and Plaintiff's requests for production remained pending.  Plaintiff advised Defendants of his intention to file a motion to compel responses to his requests for production and requested Defendants' position.  *Doc. 72-7* at 3.  At Defendants' request, Plaintiff delayed filing his motion to compel until the end of the week.  *Doc. 72-8.*  The following day, Defendants filed the parties' stipulated protective order, which the Court entered on July 10, 2020.  *Docs. 68, 69.*  On July 13, 2020, Plaintiff again advised Defendants of his intention to file a motion to compel responses to his requests for production and requested Defendants' position.  *Doc. 72-8.*  On July 14, 2020, Plaintiff filed the instant

3

Motion. *Doc. 72*. On the same day,[1] Defendants served supplemental responses to Plaintiff's requests for production. *Doc. 71*; *doc. 81-1*. Defendants filed a response to Plaintiff's Motion on July 28, 2020, arguing that the Motion is moot due to their supplemental responses. *Doc. 81*. Pursuant to D.N.M.LR-Civ. 7.4(a), Plaintiff's reply (if any) was due August 11, 2020; none was filed.

Based on Defendants' representations and Plaintiff's lack of a reply, the Court finds that Defendants have adequately addressed Plaintiff's requests for production. Therefore, the motion to compel supplemental responses is DENIED AS MOOT.

The only remaining question is whether payment of a party's expenses is required under Rule 37. Because Defendants' responses were technically provided before Plaintiff's motion was filed, an award of Plaintiff's expenses is not authorized under Rule 37(a)(5)(A), but payment of Defendants' expenses is authorized under Rule 37(a)(5)(B). However, the Court will not award Defendants their expenses, because Plaintiff's motion was substantially justified. Defendants complain that Plaintiff caused "months of delay" by refusing to stipulate to the protective order, *doc. 81* at 2, but they do not explain their own monthlong delay in filing the stipulated protective order after receiving Plaintiff's approval. Defendants also complain that Plaintiff failed to "review[] the documents or further confer[]" before filing the motion. *Id*. at 6. The

---

[1] On examination of the docket, Defendants filed the certificate of service of their supplemental responses approximately 80 minutes before Plaintiff filed this Motion.

4

Court will not fault Plaintiff for failing to review documents sent almost simultaneously with the filing of his motion. Moreover, Plaintiff conferred with Defendants twice before filing this motion. After Plaintiff's first attempt to confer on July 7, 2020, he honored Defendants' request to hold off on filing any motion until the end of the week. Plaintiff next attempted to confer on July 13, 2020. Defendants do not clarify how they responded to this attempt and whether they informed Plaintiff that they would be sending the supplemental responses within the next day. In the absence of information showing that Defendants attempted to resolve this dispute without the Court's involvement, it appears that Plaintiff was substantially justified in believing that a motion to compel was necessary to obtain the supplemental responses.

### III.  DEPOSITION OF CORPORATE REPRESENTATIVE

On April 29, 2020, Plaintiff notified FedEx of his intention to depose FedEx's corporate representative and provided a list of topics for the deposition pursuant to Rule 30(b)(6). *Doc. 72-2*. As of the Court's June 1 status conference, FedEx had not designated any corporate representative or served any objections to Plaintiff's topics. *Doc. 61* at 3. The Court ordered FedEx to send objections no later than close of business on June 3, 2020. *Id.* at 4. The Court scheduled a second telephonic status conference to follow up on the objections on June 15, 2020. *Id.*

At the June 15 status conference, the Court addressed FedEx's objections and provided general guidance on the topics proposed by Plaintiff. *Doc. 63*. On June 18,

2020, Plaintiff circulated a revised list of topics in accordance with the Court's guidance. *Doc. 72-5*. By July 7, 2020, FedEx had not designated any corporate representative or provided potential deposition dates. Plaintiff advised FedEx of his intention to file a motion to compel the deposition and requested FedEx's position. *Doc. 72-7 at 3*. At Defendants' request, Plaintiff delayed filing until the end of the week. *Doc. 72-8*. On July 13, 2020, Plaintiff again advised FedEx of his intention to file a motion to compel and requested FedEx's position. *Id*. On July 14, 2020, Plaintiff filed the instant motion. *Doc. 72*. On July 17, 2020, FedEx provided its corporate representative's dates of availability for the deposition. *Doc. 81-2*. Defendants filed a response to Plaintiff's Motion on July 28, 2020, arguing that the Motion is now moot. *Doc. 81*. Pursuant to D.N.M.LR-Civ. 7.4(a), Plaintiff's reply (if any) was due August 11, 2020; none was filed.

Based on FedEx's representations and Plaintiff's lack of a reply, the Court finds that FedEx has provided adequate information to proceed with the deposition of its corporate representative. Therefore, the motion to compel the deposition is DENIED AS MOOT.

The only remaining question is whether payment of a party's expenses is required under Rule 37. Because the deponent's dates of availability were provided after Plaintiff's motion was filed, an award of Plaintiff's expenses is authorized under Rule 37(a)(5)(A). However, the Court will not award Plaintiff his expenses, because an award in these circumstances would be unjust. It appears that FedEx attempted in

good faith to determine dates of availability for its corporate representative but experienced difficulties and delays due to the COVID-19 pandemic and the intervening Fourth of July holiday. *Doc. 81* at 4. FedEx also argues that the Plaintiff has suffered no prejudice from the delay because the discovery deadline was recently extended to January 6, 2021. *Id.* at 6; *see doc. 66*. Assuming that Plaintiff is able to proceed with the deposition on September 2 or 3 as provided by FedEx, *see doc. 81-2*, the parties will have four months of discovery remaining thereafter. Because FedEx's delay in designating a corporate representative was not in bad faith and did not cause any prejudice to Plaintiff, an award of expenses would be unjust.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Compel Deposition of Corporate Representative of Defendant FedEx Ground Package System, Inc. and Supplemental Discovery Responses (*doc. 72*) is DENIED AS MOOT.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE